## McCormick v. The Elkwood Companies, Inc., et al.

*Storey & Bailey*, for plaintiff.

*Nauman, Smith, Shissler & Hall*, for defendants.

SOHN, J., May 5, 1952.—An action of trespass was instituted by Anne McCormick, plaintiff, against the Elkwood Companies, Inc., Wilbur R. Jones and Cloyd W. Loper, defendants, to recover damages for injuries suffered by plaintiff as the result of a fire alleged to have been caused by defendants' negligence. The Elkwood Companies, Inc., was engaged by plaintiff to remove paint from the exterior of the brick walls of plaintiff's home. In pursuance of this contract, the Elkwood Companies, Inc., directed its employes Wilbur R. Jones and Cloyd W. Loper, to remove the paint by the use of burners using propane gas. The complaint alleges that the employes operated the burners in a negligent manner, causing the wooden cornice of the north wall to be ignited. The complaint further alleges that defendant corporation failed to instruct the employes properly in the use of the burners, failed to supervise the employes properly, failed to furnish qualified and competent employes, and failed to supply its employes with a burner which was safe to be used in this work. The complaint also alleges that the fire caused damages to the building and its furnishings in the form of fire, smoke and water damage.

To the complaint, each defendant filed preliminary objections in the nature of motions to strike off the complaint and for a more specific complaint. The preliminary objections of the respective defendants are identical and raise the same questions for our consideration.

In support of the motion to strike off the complaint, defendants assert that the caption of the complaint does not conform to Rule of Civil Procedure 1018, which rule provides in part:

"Every pleading shall contain a caption setting forth the name of the court, the number of the action and the name of the pleading. The caption of a complaint shall set forth the form of the action and the names of all the parties. . . ."

The purpose of Rule of Civil Procedure 1018 is set forth in Goodrich-Amram Procedural Rules Service, §1018-1, as follows:

"A caption is required on every pleading, to identify it and to enable the prothonotary's office to file it accurately. . . . All the Rule requires is that, before beginning the substantive content of the pleading, the material designated shall be set forth. It does not prescribe any fixed form."

The caption of this complaint is defective in that it fails to set forth the name of the pleading and thus violates the express requirement of Rule of Civil Procedure 1018. The only place where the name of the pleading is stated is in the endorsement of notice to plead which occupies the unique position of following the caption and preceding the substantive allegations of the complaint; this is not a sufficient compliance with Rule of Civil Procedure 1018, and we uphold defendants' objection in this regard.

Defendants' second ground to support the motion to strike is that the verification violates Rule of Civil Procedure 1024. The verification was made by plain-

tiff's attorney and relates that plaintiff was absent from her home at the time of the fire and has no personal knowledge of the facts, while the attorney verifies the facts to be true and correct on his information and belief.

Rule of Civil Procedure 1024(c) requires:

"The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not stated upon his own knowledge and the reason why the verification is not made by a party."

Rule of Civil Procedure 1002 further sets forth:

"Any act *other than verification* required or authorized by this chapter to be done by a party may be done by his attorney." (Italics supplied.)

Rule of Civil Procedure 1024(c) clearly requires verification of a pleading by one or more of the parties, and Rule of Civil Procedure 1002 emphasizes this requirement by declaring in express terms that an attorney is not authorized to make verification for his client. Thus, verification by a party is considered a solemn undertaking under oath and not a trivial procedural requirement. However, even though a party is the one upon whom the primary duty of verification is placed, Rule of Civil Procedure 1024(c) recognizes the practicality that verification by a party is not always possible. When a party is without personal knowledge of the truth of the allegations in the pleading and lacks knowledge or information sufficient to form an opinion as to the truth of the allegations or is outside the jurisdiction of the court and thus unable

to make the verification in time to file the pleading, then the verification may be made by one not a party. When a party is unable to make the verification, his attorney may qualify under Rule of Civil Procedure 1024(c) as a proper person to make the verification since Rule of Civil Procedure 1024(c) permits "any person having sufficient knowledge or information and belief" to make the verification.

Defendants' attack on the verification is three-fold. Defendants assert that the mere assertion in the verification by plaintiff's attorney that plaintiff is without personal knowledge of the facts alleged in the complaint is an insufficient statement of the reason why the verification is not made by plaintiff. With this we agree. Rule of Civil Procedure 1024(a) permits a verification either "upon the affiant's personal knowledge or information and belief." Personal knowledge and information and belief are not interchangeable terms; the former connotes a knowledge gleaned from having personally seen or experienced certain events, while the latter connotes information received from others from which a belief is formed. Since in order to qualify a nonparty as a proper person to make a verification under Rule of Civil Procedure 1024(c), the party must be not only without personal knowledge but also without information and belief, it is necessary for the nonparty to set forth in the affidavit that the party lacks both personal knowledge and information and belief; an assertion of either without the other is not a compliance with the Rules of Civil Procedure.

Defendants also attack the verification on the ground that some of the allegations of the complaint are such that plaintiff must have personal knowledge of their truth. The allegation in the complaint of ownership of the home and of the engaging of defendant corporation to do the work on the home are such

allegations as normally are within one's personal knowledge. Without deciding that these allegations are within this plaintiff's personal knowledge, we wish to point out that part of Rule of Civil Procedure 1024(a) which states:

"A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder."

This plaintiff should verify the truth of any allegations possible.

Defendants last attack the verification on the ground that the attorney failed to set forth the source of his information when making the verification on information and belief. Without discussion, we observe that in this respect also the verification is defective since Rule of Civil Procedure 1024(c) requires that a nonparty:

". . . shall set forth the source of his information as to matters not stated upon his own knowledge. . . ."

In support of the motion for a more specific complaint, we find objections to the allegations of damages. Paragraph 8 of the complaint avers, inter alia, that the damage to the building was $19,022.26 and that the cost of restoring furniture was $1,221. To this, defendants raise the objection of "lumping" of damages and request a more specific pleading setting forth the detail comprising such total sums.

There is conflict in the decisions of the lower courts of Pennsylvania concerning the amount of detail required in allegations of damages and an absence of appellate authority on the point. Since Rule of Civil Procedure 1019, dealing with the contents of pleadings, does not touch upon this problem, prior practice prevails. In discussing the problem under the Practice Act of 1915, in 3 Standard Pa. Practice 455, §185, it is said:

"And according to the majority of the decisions under the Practice Act of 1915, all claims for damages which were susceptible of being itemized or otherwise set forth in detail, had to be so presented in the pleadings in actions of trespass; in other words, the items of damages had to be set out specifically, in so far as practicable. These decisions require the same care in setting out damages in the statement of trespass as in setting out other elements of the cause of action."

The purpose of pleading is to provide the opposite party with knowledge of all the facts surrounding the cause of action in order that he may be able to prepare his defense intelligently. See Strausner v. Myers, 66 D. & C. 634. This court has held that items of damage should be set forth in detail where possible. In Fisher et al. v. Metropolitan-Edison Co., 31 Dauph. 331, 333, we said:

"All claims for damages which are susceptible of being itemized or otherwise set forth in detail must be so presented in the pleadings in an action of trespass. . . ."

Also see Steward v. Columbia Foundation Co. et al., 48 Dauph. 184. In declaring that it is essential to itemize damages in order to apprise the other party of all the facts which he will have to meet at trial, it was said in Vaugh, Jr., v. White, 75 D. & C. 44, 45;

"Conceivably, a defendant may wish to concede liability but contest with vigor the amount of damage claimed. The unfortunate tendency of some litigants to seek advantage over a responsible defendant by having unnecessary repairs made at defendant's expense makes this view a mandatory one."

Since there are several methods of computing damages, courts have required a plaintiff to allege the basis by which the damages are computed. In Strausner v. Myers, supra, p. 639, it is said:

"Also, the complaint should set forth the basis of plaintiff's claim for damages, i.e., whether he claims the difference in value of the automobile immediately before the damage and immediately after, or the reasonable cost of repair, with allowance for any difference between the original value and the value after repairs."

Thus, we conclude that defendants' preliminary objection in the nature of a more specific complaint is well founded in these two respects. The complaint should set forth the detail of the damages to the building and of the cost of restoration of furniture, together with an allegation of the bases for computing such damages. In support of our position, we wish to refer to Kolb et ux. v. The Travelers Fire Ins. Co., 65 Montg. 260; Carra, to use of Ronca, v. American Equitable Assurance Co. of N. Y., 47 York 130; Rudawsky v. Peterfreund, 37 Luz. 356; Whiteside v. Southern Mutual Insurance Co., 24 Dist. R. 603; Charles D. Farrow et al. v. Penn Electric Co., 33 Erie 229.

The last matter for our consideration is defendants' third ground in support of the motion for a more specific complaint. Plaintiff's complaint alleges causes of action against both the employes and the corporation. As pleaded, the negligence of the employes is their alleged failure to exercise due care in the use of the gas burners, while the corporation is charged with various acts of negligence. Defendants do not contest the propriety of joining these defendants in one action pursuant to Rule of Civil Procedure 2229(b), but assert that the complaint is defective because it fails to aver the nature of the liability of the several defendants to each other.

Rule of Civil Procedure 2229(b) provides:

"A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or aris-

ing out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action."

From the allegations of the complaint, it is clear that plaintiff seeks to join defendants jointly and in the alternative. Rule of Civil Procedure 2231(*d*) provides:

"Except as otherwise provided by these rules, the joinder of parties in any action shall not affect the procedural rights which each party would have if suing or sued separately, *and the verdicts and judgments entered therein shall be joint, several or separate according to the nature of the right or liability therein determined.*" (Italics supplied.)

The incidents of indemnity or contribution among defendants which may flow from liability as determined by the jury need not be discussed here. Since the rights of the respective defendants inter se must await determination of the facts by the jury, it is impossible for plaintiff to advise defendants regarding the nature of any possible liability among themselves prior to trial.

In discussing whether it is necessary to plead the nature of liability asserted against defendants joined pursuant to Rule of Civil Procedure 2229, it is said in Anderson, Pennsylvania Civil Practice, vol. 4, p. 339:

"The plaintiff must plead a cause of action as to each defendant regardless of the nature of the joinder. The cause of action as to each defendant must be pleaded in the same manner as though no other defendants were joined. It is insufficient for the plaintiff to aver in the words of the rule the conclusion that the defendants are jointly, severally or separately liable without averring the facts on which the alleged causes of action are based."

In holding averments as to the nature of liability

to be mere conclusions of law, it is said in Schuster v. Largman et al., 318 Pa. 26, 33:

"This defect in the statement cannot be cured by bringing the action against these individual defendants and the defendant corporation jointly and averring in general terms that 'the defendants are jointly liable.' Such a statement is a mere conclusion of law and amounts to nothing as a pleading."

Under Rule of Civil Procedure 1019, the material facts upon which a cause of action is based must be pleaded and not mere conclusions of law. We thus rule that plaintiff need state neither the nature of the liability of defendants to plaintiff nor, as noted, supra, the nature of the liability of defendants to each other. In the trial of the action the jury will make specific findings as to all these defendants, and the verdicts will be returned accordingly.

Although plaintiff contests only the third ground raised in support of the motion for a more specific complaint, in absence of stipulation filed, we feel that it is necessary to dispose of all issues raised by the record. Thus, we affirm both grounds of defendants' preliminary objections in the nature of a motion to strike and preliminary objections (1) and (2) of the motion for a more specific pleading while overruling defendants' third preliminary objection in support of the motion for a more specific pleading.

### Order

And now, May 5, 1952, defendants' preliminary objections 1 and 2 of the motion for a more specific complaint, as well as objections 4(a) and 4(b) of the motion for a more specific pleading, while overruling defendants' objection 3 of the motion for a more specific complaint is hereby overruled, with leave, however, to plaintiff to file an amended complaint in conformity with this opinion within 20 days hereafter.